# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JESSICA LYNN TRAN,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. C13-4030-MWB<br>(CR12-4009-MWB)<br><br>**ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION TO VACATE SENTENCE AND JUDGMENT PURSUANT TO 28 U.S.C. § 2255** |

_____

　　　　This case is before the court on petitioner Jessica Lynn Tran's *pro se* Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255 (docket no. 1). Having conducted its preliminary consideration of petitioner Tran's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Clerk of Court is directed to appoint counsel to represent petitioner Tran on her Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255. Petitioner Tran, with the aid of counsel, shall file a brief in support of Tran's current § 2255 motion on or before **June 14, 2013**. The United States is directed to file a brief in response to petitioner Tran's § 2255 motion on or before **July 15, 2013**. Petitioner Tran shall file any brief in reply on or before **August 8, 2013**.

　　　　The court notes that petitioner Tran raises a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."). Therefore, counsel whose representation is

challenged shall cooperate with the United States and provide information, documents, and an affidavit, if necessary, responsive to any ineffective assistance of counsel claim in petitioner Tran's § 2255 motion.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED.**

**DATED** this 11th day of April, 2013.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA